## No. 13,559

### Orleans

## VILLEMEUR v. WOODWARD ET AL.

(April 13, 1931. Opinion and Decree.)
(May 11, 1931. Rehearing Refused.)

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellee.

Warren V. Miller, of New Orleans, attorney for defendants, appellants.

JANVIER, J. Plaintiff alleges that he was solicited by Lally & Lally, a real estate brokerage firm, to purchase certain real estate to which he was attracted and that he deposited with the said defendants the sum of $1,000 and signed what he believed was "a complete agreement of sale," which was presented to him by the said real estate agents.

He avers that the said offer is null and void and of no effect, and that it was never accepted by Charles E. Woodward, the owner of the property, and that he is entitled to the return of the said deposit.

Defendants deny that plaintiff thought he was signing a complete agreement of sale, and aver that he knew that the agree-

ment was prepared in advance of negotiation with the owner; that, at the suggestion of plaintiff, his name was not to be disclosed to the said owner; that the said owner did accept the said offer; that the said offer is a valid agreement; and that, if it contained a potestative condition in that the offer contained the condition "balance payable homestead," that infirmity was cured by plaintiff himself when he applied for a loan to the Union Homestead Association in this city and when that association acted favorably on his application.

When this matter first came before us, we felt that there was involved an attack on the validity of the agreement of sale, and, as the object of that agreement was the sale of real estate for the price of $10,000, we were of the opinion that the matter involved exceeded the limit of our jurisdiction, and we therefore transferred the appeal to the Supreme Court. Villemeur v. Woodward et al., 14 La. App. 597, 130 So. 366. That court, however, came to the conclusion that there was not involved —except, possibly, incidentally—the question of the validity of the agreement of sale and therefore sent the matter back to us, holding that the petition presented only the question of the right of plaintiff to the return of the deposit of $1,000. Villemeur v. Woodward et al. (La. Sup.) 132 So. 361.

We find in the record a copy of an offer signed by plaintiff, and it appears from that document that the space provided for the signature of the owner remains blank.

In oral argument we were told by counsel for defendants that the acceptance of the offer appeared in another document and that he was prevented by the ruling of the trial court from offering in evidence the other document. He complains of this ruling and maintains that, if he had been afforded the right of introducing in evidence the other document to which he refers, it would have shown conclusively the acceptance by the owner of the offer made by plaintiff. It is important that we analyze carefully the ruling complained of.

When counsel for plaintiff offered to prove the allegations of his petition, counsel for defendants admitted that plaintiff had made the deposit with defendants and that plaintiff had signed the offer referred to in his petition, and admitted that the copy of the said offer, which was produced by plaintiff's counsel, was a true and correct copy. That document, as we have stated, did not contain the acceptance signed by the owner, and therefore, if the matter depended entirely upon that document; no other conclusion could be reached than that the owner's acceptance had not been obtained. Counsel for defendants thereupon called upon plaintiff to testify as though under cross-examination in accordance with Act No. 126 of 1908. Immediately after plaintiff took the stand and before giving any testimony, counsel for plaintiff offered the following objection:

"We object to any and all parol evidence sought to be introduced in this case, either to change, vary, contradict, add to, or, in any manner modify the contract to offer to purchase signed by the plaintiff herein and already offered in evidence."

While the record does not conclusively show it, we infer that the objection was sustained, and we find in the record no

evidence of any kind, either oral or written, on behalf of defendants.

If, as counsel for defendants suggest orally, the owner of the property had, in another document, executed an acceptance of the offer to purchase, the objection which we have quoted, assuming it to have been sustained, would not have excluded it, since that objection refers only to parol evidence. It was counsel's duty and privilege to introduce in evidence such written acceptance as he may have had, but as we have stated, we find no such document in the record, and, in the absence of such document, there does not appear any acceptance of plaintiff's offer.

Of course, it is evident that the real bone of contention is the commission to which defendants claim they are entitled for their services in closing the contract. Since, however, the record does not show that they closed the negotiation by obtaining the signature of the owner, it is manifest that they are entitled to no commission. There is no controversy with regard to any interest of the owner, Woodward, in or to any part of the deposit.

It is unnecessary to discuss the question presented by the other contention, that the offer, even if accepted by the owner, would have had no effect, since it contained a potestative condition.

Thus, since Woodward has no claim, and since defendants have earned no part of the deposit as their commission, it is evident that plaintiff should recover the said deposit.

The lower court rendered judgment in favor of plaintiff ordering the return of the deposit.

The judgment appealed from is affirmed.