SCHORR v. NOSACKA

---

(February 16, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

---

Wm. J. Hopper, of New Orleans, attorney for plaintiff, appellee.

Jos. J. Ritayik, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. In November, 1926, the plaintiff in this case, John M. Schorr, intending to bid upon a contract for the furnishing and installation of certain fixtures and interior work for the Algiers Bank & Trust Company, presented a plan of the proposed undertaking to the defendant, Joseph Nosacka, and obtained a verbal bid upon the grille work shown upon the plans. A few days thereafter plaintiff was awarded the contract by the bank and sublet the grille work to the defendant, obtaining confirmation of his verbal bid as appears by the following:

"Nov. 24, 1926.
"Mr. J. M. Schorr,
   "Algiers,
"Dear Sir:
   "I propose to furnish and install and erect in position the grille work and grille cage for the Algiers Bank & Trust Co. ac-, cording to plans and specifications. You are to furnish me full details and measurements of the work. All for the sum of $525.00 (five hundred and twenty-five dollars).

   "Respectfully submitted, Jos. Nosacka."

A discussion arose between Schorr and Nosacka as to the extent and character of the contract between them, with the resut that Nosacka did not execute his contract, and Schorr, after putting him in default, had the work done by the Michaels Art Bronze Company of Covington, Ky., at a cost of $2,137.16. He thereafter brought this suit against Nosacka for the difference between that sum and $525, the amount of his bid.

There was judgment in plaintiff's favor as prayed for, and defendant has appealed.

We have given this case unusual consideration because of our conviction that the wide discrepancy between the cost of the work to the contractor, and the amount for which defendant had undertaken it, was due to a mistake or misunderstanding of some sort, which we had hoped might result in relieving defendant of responsibility in the premises; but after a thorough review of the record, we are forced to conclude that the judgment of the trial court was correct.

The defendant in this case undertook to "furnish and install and erect in position the grille work and grille cage for the Algiers Bank & Trust Co. according to plans and specifications." He admits having seen the plans before having presented his bid, but denies ever having seen the specifications. Why, under these circumstances, he should have worded his bid in this manner, we do not know, for the plan which he admits having seen has been offered in evidence and it plainly shows what was contemplated. Nosacka says that though the plan called for bronze grille, he explained to Mr. Schorr that he did not do bronze work but only iron work, and that though the plans called for square bronze wire he only fabricated flat iron wire. There is a certain symbol in the shape of a rectangle pierced by an arrow which appears on the plan near the outline of the grille work which several witnesses experienced in reading plans say plainly indicates square and not flat wire. But Nosacka says the symbol was confusing and meant nothing to him. He also says that when he examined the plans before making his bid he informed Schorr that he could not furnish bronze grille but would substitute iron grille instead. This is denied by Schorr, the plaintiff; but whether the statement was made by Nosacka or not, it is inconsistent with his subsequent written confirmation of his bid, which plainly obligates him to furnish grille work, and cages according to plans and specifications, which call for bronze work and not iron. Nosacka is shown to be a man of much experience in his line of work, having been "born into the business," as he says. We cannot understand how he could have formulated a bid, such as the one presented in this case, without qualifying it if he intended to except any part of the work called for by the plans and specifications.

If, as he claims, he did not see the specifications, his action is the more remarkable on that account. His bid was given to Schorr prior to his having obtained the contract from the bank, and presumably Schorr's bid to the bank was influenced by Nosacka's estimate of the work which he undertook to do.

It appears, therefore, that if Nosacka made a mistake in his bid, it was the result of carelessness from the effect of which we can discover no legal relief.

The damages sustained by plaintiff as a result of defendant's breach of his contract have been fully established; consequently, and for the reasons herein assigned, the judgment appealed from must be affirmed.

JANVIER, J., having been of counsel, takes no part.