**REIMANN CONSTRUCTION CO. v. HEINZ**

———

(November 3, 1931. Opinion and Decree.)

———

Daniel Wendling, of New Orleans, attorney for plaintiff, appellee.

Sidney Gautier, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Plaintiff, a general contracting company, having decided to bid for the contract to do certain reconstruction work on the eleventh and twelfth floors of the Masonic Temple, a large building in this city, submitted through its president, G. Emile Reimann, to defendant, Charles A. Heinz, a plumber, the plans for the said work, to the end that the said Heinz might estimate the cost of doing the plumbing work included in and required by the said plans.

Thereafter, being of the opinion that the said Heinz had offered to do the plumbing work for $1,345, and having estimated the cost of the remainder of the contemplated work, the said Reimann, on behalf of his corporation, offered to do the entire job for $5,554, and the said offer was accepted.

Very shortly thereafter, since the contract required substantial completion within 28 days, the said Reimann Company called upon Heinz to commence and rush to completion the plumbing work. On receiving this notice, Heinz sent to the Reimann Company, by special delivery, a letter reading as follows:

"I regret to inform you I will not be able to accept plumbing job in the Masonic Temple as I made a serious error in addition, I failed to carry the one in the first column and the original proposal should have been $1,975.00."

The Reimann Company answered the said letter in writing by insisting that Heinz commence work within twenty-four hours and by stating that in default of commencement of the said work, the next lowest plumbing bid would be accepted and that Heinz would be charged with the additional cost.

Heinz did not commence the work; the next lowest bidder was given the plumbing subcontract for the sum of $1,542; and the object of this suit is the recovery by the Reimann Company from Heinz of the said loss, to-wit, the sum of $197 with interest, etc.

The trial court rendered judgment as prayed for and defendant has appealed.

The jurisdiction of the trial court is questioned, and it is argued that, inasmuch as the determination of this suit depends upon the question of whether there was or was not a contract for the payment of $1,345, that figure fixes the jurisdiction and that the city court had no authority to hear the matter.

It is true that the question of whether there was or was not a contract is incidentally involved, but the only matter in dispute is the claim for $197, and, as has been held by our Supreme Court in Villemeur v. Woodward, 171 La. 831, 132 So. 361, the fact that a contract, itself, may be incidentally involved, does not fix the jurisdiction in accordance with the amount of the contract if the only matter really in dispute is a different sum.

Heinz admits that he stated to Reimann, before the general contract was entered into, that the plumbing work could be done for $1,345, but claims that he made no formal offer or bid to do the work at that price and that it was well understood between himself and Reimann that that figure was merely mentioned informally and verbally as the probable cost, and that it was intended that he should make a more careful estimate and that the subcontract should later be reduced to writing and should be based, not on the verbal estimate, but on the figure which a more careful study should show to be correct.

Reimann, on the other hand, insists that it was not contemplated that the contract should be reduced to writing or that there should be any revision thereof; that Heinz well knew that when he quoted the price of $1,345 that figure would be used by the Reimann Company in preparing its bid for the whole reconstruction work, and that it was quite customary to make verbal contracts with Heinz for plumbing work.

It is true, of course, that if parties, in contemplation of making a written contract, agree on some of the terms thereof, but intend later to settle other remaining points and to then execute a written evidence of their agreement or if parties, having agreed verbally on all points, further agree that no contract shall result until the total understanding is reduced to writing and signed, then the verbal agreements are not binding upon either, since it is the

intention of both that the document to be later executed shall evidence the whole contract. Laroussini v. Werlein, 52 La. Ann. 424, 27 So. 89, 78 Am. St. Rep. 350.

But it is also well settled that, if all terms and conditions are agreed to and it is later suggested that the agreement be reduced to writing so that the contract will be less mutable and more easily proven, then the verbal contract is entirely binding, even though the written contract may not be later executed. Carlin v. Harding, 10 La. 225.

Here, the evidence as to whether the contract was complete is not harmonious. One witness testified each way, but, we find that the terms of the plumbing contract, with the exception of the price, were entirely included in the main contract and that the only thing left to be agreed upon between the parties was the price, and we feel that, since the Reimann Company, before making its bid, called upon Heinz for his estimate for the plumbing subcontract, it would not thereafter have submitted the main bid without having obtained more than a preliminary guess from Heinz as to what his part of the work would cost.

We believe that the evidence sustains this view, and furthermore the trial judge who saw and heard both witnesses seems to have come to this conclusion.

The principle involved in this case is similar to that which this court considered in the matter of Schorr v. Nosacka, 16 La. App. 20, 132 So. 524, in which it was held that a subcontractor who, through carelessness or otherwise, makes a mistake in his bid, is liable to the general contractor for such loss as the general contractor may sustain by reason of having to let the work to another subcontractor at a higher price.

The judgment appealed from is affirmed.