No. 2963

Second Circuit

FIRST NATIONAL BANK OF ARCADIA

v. BURGESS

(May 13, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Bills and Notes—Par. 232; Evidence—Par. 352.

Where defendant denies that the signature on a note is genuine and the only evidence to the contrary is that of an officer of a bank who thought the signature was genuine, although the name was incorrectly spelled, there being no evidence to affect the credibility of the defendant, the signature must be considered signed by someone else.

Appeal from the Third Judicial District Court of Louisiana, Parish of Lincoln. Hon. S. D. Pearce, Judge.

Action by First National Bank of Arcadia against B. Burgess, et al.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

R. L. Williams, of Ruston, attorney for plaintiff, appellant.

C. B. Roberts, of Ruston, attorney for defendant, appellee.

WEBB, J.   The plaintiff, First National Bank of Arcadia, instituted this action against defendants, William Hartsell and B. Burgess, on a promissory note which purports to have been drawn by the defendants.

Service was not made on Hartsell, who appears to have left the state, and Burgess answered, denying that he signed the note, and on trial judgment was rendered rejecting plaintiff's demands, from which it appeals.

OPINION

The evidence shows that Hartsell, desiring to obtain a loan from the bank, the latter prepared the note which was given to Hartsell and that Hartsell returned and presented the note which appears on the face to have been signed by Hartsell and "B. Burges", and on the issue presented by the answer of defendant, plaintiff called one of its officers, who stated that he had known Burgess for about twenty years, and he had seen Burgess write and sign his name several years prior to the time of the trial, and that he thought the signature on the note was the signature of the defendant Burgess, although the signature was "B. Burges" and defendant's name is "B. Burgess".

The defendant testified that he did not sign the note and that the signature was not his signature, and there is not any evidence in the record which goes to affect the credibility of the defendant, and we are of the opinion that the evidence does not show that defendant signed the note, and the judgment is therefore affirmed.