ROGERS, J.
 

 The American Law Book Company, on October 23, 1922, brought- suit against James W. Jones, Jr., to recover an
 
 *931
 
 amount due on certain promissory notes and on an open account. The defendant was, at the time, occupying the position of judge
 
 oí
 
 the Eleventh (now the Tenth) district court for the parish of Natchitoches. On the day the suit was instituted he appointed E. St. Anne Prudhomme, Esq., an attorney at law, as special judge to try the case. An exception filed by the defendant was sustained- by the special judge, who dismissed the suit. The Court of Appeal^ reversed the judgment, and remanded the cáse to be proceeded with according to law. Thereafter defendant filed another exception, which was likewise sustained by the special judge, and plaintiff’s suit was again dismissed. This judgment was also reversed by the Court of Appeals, which ordered the special judge to proceed with the trial of the case according to law. The case was finally tried on its merits on July 21, 1927, nearly five years after it was instituted, but was not then decided, and never has been decided.
 

 On February 14, 1928, the American Law Book Company, plaintiff in the suit, applied to this court for a' writ of mandamus to compel the special judge to render a decision in the case. In its application for the writ, relator sets forth a number of things which it is'not necessary to mention herein, and par-’ tieularly avers that the delay in obtaining a hearing on the merits was due to the dilatory practices of the defendant, James W. Jones, Jr., and of the special judge. Relator also alleges that there is no reason why judgment could not have been rendered at the conclusion of the trial of the case on the merits; that since that time it has frequently demanded of the special judge that he render a decision in the cause, notifying him in writing on December 15, 1927, that it would apply to this court to compel him to act, but he has neglected and refused to do so. -
 

 Upon consideration of relator’s application, this court issued an order directed to the special judge, directing him to render a decisión forthwith in the case therein referred to, or to show cause to the contrary on a day and at an hour fixed. In response to this order, the special judge filed a return as of date February 20, 1928, in which he avers that relator’s application is premature, for the reason that no notice was given to the respondent of relator’s intention to apply to this court for relief. He also alleges, as the main ground for his failure to render judgment in the case, that the testimony adduced on the trial thereof was never filed in the office of the clerk of court in conformity with Act 64 of 1900, notwithstanding he had repeatedly requested relator’s attorney and the clerk of court to have this done; that he was unable to decide the case without the testimony before him; and that, as soon as it is procured, he is willing, and would be glad, to render a decision.
 

 In a supplemental return executed as of date February 21, 1928, the respondent reiterates that he had been unable to obtain the testimony adduced in the case, notwithstanding he had called at the office of the clerk of court on several occasions for that purpose. He further avers that he again called at the clerk’s office on February 20, 1928, presumably after he had prepared and forwarded his original return herein, and received the testimony from the hands of the chief deputy clerk; that he noted the oath attached to the testimony sets forth that it had been filed on July 21, 1927, the date of the trial.' He declares “that he has always stated that he was ready and willing to render a decision in the premises, whenever he could get hold of the testimony.” Nevertheless, he has not' decided the case, nor has he engaged to do so forthwith.
 

 It is unnecessary to determine the dispute between the relator and the respondent concerning the giving of notice vel non of relator’s intention to apply for a writ of man-
 
 *933
 
 damns. Under the amendment to the rules of this court, such notice is not a sine qua non for an application for an original writ or a rule nisi. Spence v. Spence, 160 La. 430, 107 So. 294; Bauman v. Pennywell, 160 La. 555, 107 So. 425.
 

 Since the respondent special judge is now in possession of the testimony adduced on the trial of the case, and, according to the averments of his original and supplemental returns herein, is in a position to render judgment thereon, we see no reason why he should not do so without further delay.
 

 For the reasons assigned, the rule nisi herein issued is made absolute, and accordingly E. St. Anne Prudhomme, Esq., special judge, is hereby ordered and directed to render a decision forthwith in the cause entitled American Law Book Co. v. James
 
 W.
 
 Jones, Jr., No. 17176 on the docket of the Tenth district court, parish of Natchitoches.