HUNLEY ET AL. v. ASCANI ET AL.

(June 2, 1930. Opinion and Decree.)
(July 1, 1930. Rehearing Refused.)

Leo Wertheimer, of New Orleans, attorney for plaintiffs, appellants.

U. Marinoni, of New Orleans, attorney for Enrico Ascani, defendant, appellee.

F. B. Freeland, of New Orleans, attorney for Wise-Miller, defendant, appellee.

HIGGINS, J. This case comes before us on a motion to dismiss the appeal on the ground that this court is without jurisdiction, as more than $2,000, exclusive of interest and costs, is involved.

This is a suit for the rescission of a written contract to sell a piece of real estate for the sum of $7,400 and the return of a cash deposit of $740 as a part payment on account of the purchase price of the property.

It is contended by the appellee that the amount involved is $7,400, because, under the terms and provisions of the contract, that is the amount that plaintiff and appellant is obligated to pay to the defendants and appellees, and that the return of the $740 cash deposit is only incidental in the event the rescission and dissolution of the contract is declared by the court.

The appellant contends that the amount in dispute in the main demand is not the value of the property, as there is no dispute about the ownership of it, but the return of a deposit of $740 and the cancellation of the contract. The appellant, in the alternative, asks that, in the event the

court should find that the amount in dispute exceeds the jurisdictional amount of this court, the appeal should not be dismissed, but transferred to the Supreme Court under Act No. 19 of 1912.

The record shows that the plaintiff sued for the rescission of a written contract of sale of real estate entered into between himself and the defendants, whereby he agreed to purchase and the defendant agreed to sell and convey title to certain real estate for the sum of $7,400; that the plaintiff placed a cash deposit of $740 on account of the purchase price to secure the performance of the contract; that plaintiff entered suit for the rescission and dissolution of the contract and return of the deposit under certain alleged grounds of nullity; and, that the defendants resisted plaintiff's demand, and in reconvention asked for specific performance of the contract. The trial court dismissed the plaintiff's suit and in reconvention gave judgment in favor of the defendants ordering specific performance of the contract, and plaintiff appealed.

In State ex rel. Nores vs. Judges, 42 La. Ann. 589, 7 So. 632, relator's suit was to annul a tax sale for $180 of a certain plantation which defendants held, in order to subject the property to the payment of a large sum due relators. It was argued that the amount in dispute was the $180 and that the Supreme Court therefore did not have jurisdiction. The court said:

"The purpose of the suit is clearly to have the court to declare that property which exceeds $10,000 in value still belongs to the succession of one Hayes because the tax-sales thereof to the defendants in the suit is a nullity for the many reasons alleged. * * * The matter in dispute is the title of the property, which is worth more than $10,000 * * *"—and held that it had jurisdiction.

In Ward vs. Lynn, 149 La. 1048, 90 So. 399, 400, plaintiffs sued for $330 for the rent for the months of November and December, 1919, for certain premises in Shreveport, and they prayed for a writ of possession and the ejection of defendant. It was argued there, as it is argued here, highest money judgment which the court could render was for $330. The court said:

"The money demand in this case for $330 is coupled with a demand for possession, which demand exceeds in value the lower jurisdiction of this court."

And the court maintained jurisdiction.

In Heard vs. Monroe Sand & Gravel Co., 6 La. App. 362, plaintiff alleged that she had entered into a contract with one Stephenson, under which he was to pay her 2½ cents per cubic yard for all sand and gravel mined from certain lands; that defendant had taken over all of Stephenson's contracts and mined the land; that it had paid her regularly up to the months of October and November, 1925, for which there was due $501.27, and for which she prayed for judgment. The defendant answered that it had not assumed the contracts and that it owed nothing. Judgment was rendered for plaintiff for $501.27 sued for. On appeal, the court, on its own motion, raised the question of jurisdiction. On page 365 of 6 La. App. it said:

"While the amount claimed by plaintiff is within the jurisdiction of this court, being for less than $2,000, the real question presented by plaintiff is as to whether or not the defendant assumed or rendered itself liable for the obligations under a contract between plaintiff and a third person, and the defense is that there was not any assumption of the contract, or any liability thereunder, and if there was an assumption of liability under the contract that the contract was invalid, and from any point of view the issue is as to the contract."

In First Natl. Bank of Arcadia v. Burgess, 6 La. App. 366, the court further said:

"Being of the opinion that the issue is as to the assumption of the contract, or i's validity, and that the evidence shows that the value of the contract is above the jurisdiction of this court, we are of the opinion that the appeal should be transferred to the Supreme Court. * * * "

The case of Klump vs. Fontenot, 167 La. 327, 119 So. 66, relied on by counsel for the appellant, is not in point. In that case the court properly held that the value of the mortgage notes was the amount in controversy and that the value of the land upon which the mortgage rested could not be taken into consideration. Here the amount involved is the purchase price of the property, to-wit, $7,400, and the effort to restrict the issue to the deposit of $740 must fail, since the deposit was incident to the main purpose of the contract, which was the purchase of the property for $7,400. We are therefore of the opinion that the amount involved exceeds the jurisdictional limit of this court, as provided by section 29, of article 7 of the Constitution of 1921, and is within the jurisdiction of the Supreme Court, as provided by section 10, art. 7, of the Constitution of 1921.

Under the authority conferred upon us by Act No. 19 of 1912, we have concluded to transfer the case to the Supreme Court.

For the reasons assigned, the appeal herein is transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal shall be deemed dismissed; the plaintiff and appellant to pay the costs of appeal in this court, the remaining costs to abide the final determination of the case.

Appeal transferred to Supreme Court.