BUSSEY v. WISE-MILLER ET AL.

———

(June 2, 1930. Opinion and Decree.)
(July 1, 1930. Rehearing Refused.)

———

Dart & Dart and H. Grady Price, of New Orleans, attorneys for plaintiff, appellee.

F. B. Freeland, of New Orleans, attorney for defendant, appellant.

HIGGINS, J. This is a suit for the rescission or dissolution of a written contract for the sale of a piece of real estate in this city and the return of a deposit made by the plaintiff on account of the purchase price thereof.

The petition alleges that on October 24, 1925, petitioner entered into a written contract with defendant, Miss Barilleaux, to purchase a certain piece of real estate for the sum of $5,500, and deposited the sum of $550 on account of the purchase price; that on February 24, 1926, when the parties to the contract were notified by the notary to appear before him for the purpose of passing the act of sale, petitioner was advised by her attorney that Miss Barilleaux, the defendant, had never had the property transferred to her and therefore was unable to deliver title to petitioner. The petition prays for judgment against the defendant for the sum of $550, the amount of the deposit, and for all equitable and general relief.

While the petition does not pray for the rescission or dissolution of the contract, because the defendant, Miss Barilleaux, is alleged to have breached her agreement by failing to acquire title to the property in order to be able to deliver a valid title to the plaintiff, it is clear that, unless the contract is rescinded or dissolved as a result of defendant's alleged breach of it, the court is powerless to give a judgment in favor of the plaintiff, for the amount of the deposit made by the plaintiff under the terms and provisions of the contract.

We therefore are of the opinion that this case must be treated as a suit for the rescission or dissolution of a contract and not solely for the return of a deposit, and in such case the amount in dispute is not the amount of the deposit, but the value of the property which was the subject of the contract. See Hunley vs. Ascani, 129 So. 164, page 95 herein, this day handed down.

While the jurisdiction of this court has not been questioned, the amount involved in this controversy, i. e., $5,500, exceeds the jurisdictional limit of this court, i. e., $2,000, as provided in section 29 of article 7 of the Constitution of 1921, and is within the jurisdiction of the Supreme Court as provided by section 10 of article 7 of the Constitution of 1921.

For the reasons assigned, the appeal herein is transferred to the Supreme Court of Louisiana, to be disposed of according to law, the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal shall be deemed dismissed; the plaintiff and appellant to pay the costs of appeal in this court, the remaining costs to abide the final determination of the case.