## VILLEMEUR v. WOODWARD ET AL.

---

(October 20, 1930. Opinion and Decree.)

---

Theo. Cotonio and Theo. Cotonio, Jr., of New Orleans, attorneys for plaintiff, appellee.

Warren V. Miller, of New Orleans, attorney for defendant, appellant Lally & Lally.

JANVIER, J. Plaintiff seeks the return of $1,000 alleged to have been deposited with Lally & Lally, real estate agents, on account of the purchase price of certain immovable property in this city. The petition, which makes the real estate agents and the owner of the property parties defendant, alleges that the agreement to pur-

·chase is null and void for various reasons, with which we are not now concerned.

The purchase price, as stipulated in the agreement, was to be $10,000.

The court below held that the agreement was null and void and rendered judgment for the return of the deposit, as prayed for.

From this judgment the real estate agents have appealed to this court. The owner, Woodward, has not appealed. We are now asked to dismiss the appeal on the ground that the amount in dispute exceeds our maximum jurisdictional limit.

Since the ground on which the return of the deposit is sought is the alleged nullity of the contract of sale and since the purchase price set forth in that contract is $10,000, it is evident that the amount in dispute is not limited to the deposit, the return of which is sought, but includes the alleged nullity of an agreement of sale of property valued at $10,000 and that, thus, the amount in dispute exceeds our jurisdictional limit. Hunley et ux v. Ascani et al., 14 La. App. 95, 129 So. 164; Bussey v. Wise-Miller et al., 14 La. Ap. 104, 129 So. 166; Bussey v. Barilleaux et al., 14 La. App. 82, 129 So. 167. However, since, by Act 19 of 1912, we are authorized to transfer such an appeal as this to the Supreme Court, we will follow that course.

It is therefore ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.