ROE v. MANISCALCO ET AL.

---

(December 15, 1930. Opinion and Decree.)

---

McCloskey & Benedict, of New Orleans, attorneys for plaintiff, appellee.

Habans & Coleman and Gus Levy, of New Orleans, attorneys for defendants, appellants.

HIGGINS, J. This is a suit wherein the plaintiff seeks the return of a deposit of $900 and the rescission of a written contract whereby he agreed to purchase an oil station consisting of real estate, stock, and fixtures, for the sum of $10,000, and under the terms of which agreement he deposited with one of the defendants, the real estate broker, the sum of $900 on account of the purchase price. The ground upon which the plaintiff asks that the contract be annulled and set aside is that the defendant owner did not own the stock and fixtures covered by the agreement. The defendant denied that he did not own the stock and fixtures covered by the contract.

There was judgment in favor of the plaintiff as prayed for, and the defendants have appealed.

While the question of jurisdiction was not raised by the parties, we observe that, as this is a suit not only for the return of the deposit of $900, but also for the annulment of a contract involving $10,000, which exceeds the jurisdictional limit of this court, we are without jurisdiction in the matter, and the consent of the parties cannot confer jurisdiction ratione materiæ upon this court under the circumstances. Villemeur v. Woodward et al., 130 So. 366, decided by this court October 20, 1930; Hunley et ux. v. Ascani, 14 La. App. 95, 129 So. 164; Bussey v. Wise-Miller, 14 La. App. 104, 129 So. 166; Bussey v. Barilleaux, 14 La. App. 82, 129 So. 167.

However, the appeal will not be dismissed, because under the provisions of Act No. 19 of 1912 we have authority to transfer such an appeal to the Supreme Court.

It is therefore ordered, adjudged, and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana, to be disposed of according to law; the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed, defendants and appellants to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.