The judgment appealed from is therefore affirmed.

(132 So. 361)

**VILLEMEUR v. WOODWARD et al.**

No. 30972.

Jan. 5, 1931.

Rehearing Denied Feb. 2, 1931.

Warren V. Miller, of New Orleans, for appellants Lally & Lally.

Theo. Cotonio, Jr., and Theo. Cotonio, Sr., both of New Orleans, for appellee.

On Motion to Dismiss.

OVERTON, J.

Judgment was rendered in the civil district court for the parish of Orleans in favor of plaintiff and against the defendants, Charles Woodward, the owner of real estate in New Orleans, and Lally & Lally, a firm of real estate agents, ordering the firm to return to plaintiff a deposit of $1,000, with legal interest thereon from March 20, 1929, made by plaintiff, under an alleged written offer to

purchase from Woodward certain real property in New Orleans for $10,000.

From this judgment Lally & Lally appealed to the Court of Appeal for the parish of Orleans. A motion was there filed by plaintiff to dismiss the appeal on the ground that the amount involved exceeded the jurisdiction of that court. The Court of Appeal, 14 La. App. 597, 130 So. 366, found that the amount involved exceeded its jurisdiction, since the ground on which the return of the deposit is sought is the alleged nullity of a contract to sell, and since the purchase price set forth in the contract is $10,000, but, rather than dismiss the appeal, it transferred it to this court, under Act No. 19 of 1912. In this court, plaintiff has taken the opposite position, and has moved that the appeal be dismissed here, on the ground that the amount involved is below the jurisdiction of this court, and within the jurisdiction of the Court of Appeal.

The Court of Appeal is in error in holding that the ground on which the return of the deposit is sought is the nullity of an alleged contract. The petition alleges that Lally & Lally are indebted to plaintiff in the sum of $1,000, with legal interest thereon. It sets forth that plaintiff was solicited by Lally & Lally to submit an offer to purchase certain real property in New Orleans. It alleges that the offer to purchase was prepared by Lally & Lally and signed by plaintiff, who thereupon made the deposit of $1,000, in the hands of Lally & Lally, plaintiff believing at the time that he was signing a contract of sale. It alleges that the offer to purchase has never been accepted by Woodward, the owner of the property, and that Woodward has no right or interest in the deposit, because the offer, signed by plaintiff, at the request of

Lally & Lally, is null and void, without legal or binding effect, and not such an offer that plaintiff could be made to comply with. A copy of the offer is annexed to the petition. The prayer of the petition is that Lally & Lally and Charles E. Woodward be cited to answer the petition, and for judgment against Lally & Lally for the deposit of $1,000, with legal interest thereon, and for general relief.

The only reference, made to an agreement, or to the nullity of an agreement, is in the fourth article of the petition, where the word seems to be inadvertently used in referring to the offer, signed by plaintiff, at the time he made the deposit. The petition sets forth no facts, either by reference to the attached offer or otherwise, showing an agreement to sell or purchase. All that the petition sets forth, as the reason why the deposit should be returned, is the failure of the owner to accept the offer, and, unnecessarily, certain conclusions of law as to the nullity and want of binding effect of the unaccepted offer. Hence the petition contains no prayer or demand for the annulment of an agreement or for the annulment of anything else, either expressly or impliedly. Therefore the demand shown by the petition is for only $1,000, with interest.

It is true that both defendants, in their answers, set forth that Woodward did accept the offer to purchase, and even tendered to plaintiff a deed to the property, which he, without sufficient reason, refused. However, this averment is a defense to the action. It is tendered as a reason why plaintiff should not be permitted to recover the deposit. It does not add anything to the amount or value of the thing demanded by plaintiff. Even if the Court of Appeal should be called upon, in deciding the sufficiency of the defense, to pass upon the vadidity of a contract, the an-

nulment of which, had it been demanded in the petition, would have been beyond its jurisdiction, nevertheless the validity of the contract, in determining the sufficiency of the defense, would be considered as arising only incidentally in the case, and the court would not thereby be deprived of jurisdiction. A question arising only incidentally in a case, whatever may be the value of the thing involved in the question thus arising, does not deprive the court before which it arises of jurisdiction. Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386.

The amount demanded is determined from the petition. The amount in dispute is determined from the petition and answer. The same is true as to the thing, and the value of the thing, demanded, subject to the right of the court to examine into the value of the thing.

Where the jurisdiction of this court depends upon the amount, or the value of the thing, in contest, the amount or value must exceed $2,000, exclusive of interest, where interest accrues. In this case, the amount in contest is only $1,000. Hence this court is without jurisdiction, but the Court of Appeal has jurisdiction. Where the Court of Appeal has erroneously transferred a case to this court, the case will be transferred back to it, to be disposed of according to law.

For the reasons assigned, it is ordered that this appeal be transferred back to the Court of Appeal for the parish of Orleans, to be disposed of according to law, the transfer to be made within thirty days from the day this judgment becomes final, otherwise the appeal to stand dismissed, and, due to appellee's error, the costs of the transfer to this court and the costs of the retransfer to be borne by appellee, the remaining costs to abide the final decision of the case.