BOISSEAU v. VALLON & JORDANO, INC., ET AL.

———

(January 19, 1931. Opinion and Decree.)

———

Habans & Coleman and Gus Levy, of New Orleans, attorneys for plaintiff, appellee.

Herve Racivitch and Robert L. Hickerson, of New Orleans, attorneys for defendants and appellants.

## ON MOTION TO DISMISS

JANVIER, J. Appellee moves to dismiss this appeal on the ground that the amount involved exceeds the jurisdictional limit of this court.

Plaintiff seeks the return of a deposit of $600 made with certain real estate agents in connection with an agreement to purchase real estate for the price and sum of $12,000. It is alleged that the said agreement is null as containing a potestative condition.

In other similar cases we have held that, where there is sought the nullity of an agreement of sale involving property valued at more than $2,000, this court is without jurisdiction. Hunley et ux. v. Ascani et al., 14 La. App. 95, 129 So. 164; Bussey v. Wise-Miller et al., 14 La. App. 104, 129 So. 166; Bussey v. Barilleaux et al., 14 La. App. 82, 129 So. 167.

It is true that we also held that we were without jurisdiction in the matter of Lawrence Villemeur v. Charles E. Woodward et al., decided October 20, 1930, 130 So. 366, and that the Supreme Court, to which we had transferred the appeal, held that the matter was within our jurisdictional limit and transferred it back to us, but the reason given by the Supreme Court for sending the matter back to us for final adjudication was that they found that there was not involved in that case the question of the validity of the contract, except incidentally, and that nothing was involved, except the question of whether the deposit should be returned. The deposit was less than $2,000, and, therefore, the Supreme Court said that this court had jurisdiction. By inference the decision of the Supreme Court in the Villemeur case, transferring the appeal back to us, sustains the view, taken by us in the other cases that, where there is sought the nullity of the contract and the property involved in the contract exceeds $2,000 in value, we are without jurisdiction.

In view of the provisions of Act No. 19 of 1912, it is ordered, adjudged, and decreed that this appeal be, and it is, transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within thirty days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.