No. 13,327

Orleans.

HIMEL v. FELLMAN

(February 16, 1931. Opinion and Decree.)
(March 23, 1931. Rehearing Refused.)

C. J. Rivet, of New Orleans, attorney for plaintiff, appellee.

Monroe & Lemann, of New Orleans, attorneys for defendant, appellant.

JANVIER, J. Plaintiff seeks the return of a deposit of $1,500 made with defendant, a real estate agent, in connection with an offer made by plaintiff through the said agent to purchase for the sum of $15,000 certain real estate on the Gulf coast in Mississippi.

The petition, without so alleging, treats the said offer to purchase as an absolute nullity, makes no mention whatever of the other party to the contract to purchase the real estate, to-wit: the prospective vendor and, after charging that the said agreement is not specifically enforceable by either party, prays for the return of the deposit.

Defendant, the real estate agent, maintains that he cannot return the deposit except with the consent of the other party to the contract. By reconventional demand he asks for his commission on the sale which he claims he negotiated.

The district court held that the contract was not specifically enforceable by either party and, therefore, concluded that, since the agent had not procured a contract enforceable in law he had not earned his commission. Judgment was, therefore, rendered in the court below in favor of plaintiff condemning defendant to return the full amount of the deposit.

The other party to the contract was not before the court and we cannot see how such a judgment could have been rendered in view of the fact that the defendant filed a plea of "non joinder of a necessary party defendant" because our Supreme Court has said in Maloney v. Aschaffenburg, 143 La. 509, 78 So. 761, 767, that the other party to such a contract is "a necessary party to such a judgment."

In that case the facts were quite similar to those which are now before us and the court held that where a prospective purchaser makes an offer to purchase and it is accepted, the agent who negotiated the transfer becomes the mandatory of both parties and, a suit for the return of the deposit cannot be brought against the agent alone because "where a person is the common agent of others, and is called upon to account, there should be but one proceeding, to which all those in interest should be made parties, and their rights determined in concurso."

True, if the validity of the contract be not involved, or if it be involved only as an unessential incident, then the other party may not be necessary, as the court said in Maloney v. Aschaffenburg, to which we have referred:

"The general rule is that any one having an actual interest in a controversy presented to a court for its' determination should be made a party to the suit. Where, however, a suit incidentally involves the rights of a person who is not a party, the court may proceed to decide those questions which only concern the litigants and in which that person has no interest."

The situation here does not justify our holding that the other party to this contract is not interested in the deposit or in the maintenance of the contract and the situation resembles that which existed in the Maloney case from which we now quote further as follows:

"The sole issue, the ownership of the deposit of $4200.00 is one in which Aschaffenburg admittedly has an interest, and does not solely concern plaintiffs and Willard & Eiseman."

It is true that our Supreme Court held in Villemeur v. Woodward, decided by it on January 5, 1931 (132 So. 361) that where the nullity vel non of the contract is only incidentally involved the other party need not be brought into the suit but in that case the contract in connection with which the deposit had been made had never been signed by the other party and, therefore, was in fact held to be no contract at all.

Here, however, the contract was signed by both parties and, although there appear within it certain omissions as to description and uncertainties as to method of payment, nevertheless, we do not believe that, in the absence of the other party, it can be treated as an absolute nullity.

To decree that the deposit must be returned is to decree the nullity of the contract and, under the doctrine of Maloney v. Aschaffenburg, supra, we cannot render such a decree in the absence of one of the necessary parties.

But the matter is now before us on motion to dismiss the appeal on the ground

that the amount in dispute exceeds our jurisdictional limit. We have thought it advisable to go at length into the matter because in Villemeur v. Woodward, supra, we transferred to the Supreme Court a case involving a situation somewhat resembling this and the Supreme Court transferred the appeal back to us, holding that the nullity vel non of the contract was involved only incidentally and, that on the face of the record, there were only two parties interested, to-wit: the depositor and the depositary, and that there was nothing in dispute except the deposit, the amount of which was within the limit of our jurisdiction.

Here, however, as we have shown the third party is necessary because there is involved the question of the nullity of the contract in which that third party is interested.

If the nullity of the contract is necessarily involved then the amount of the contract and not the amount of the deposit determines jurisdiction. Henry J. Boisseau v. Vallon & Jordano, Inc., et al., 15 La. App. 389, 132 So. 237; Hunley et ux. v. Ascani et al., 14 La. App. 95, 129 So. 164; Bussey v. Wise-Miller et al., 14 La. App. 104, 129 So. 166; Bussey v. Barilleaux et al., 14 La. App. 82, 129 So. 167.

In view of the provisions of Act 19 of 1912 it is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within thirty days after this judgment becomes final and, if not so made, then the appeal to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

## ON APPLICATION FOR REHEARING

PER CURIAM. Counsel for both parties object to our statement that this matter came before us on motion to dismiss the appeal. We find that the statement to that effect was made in error, as there is in the record no such motion. When the matter was before us on oral argument some months ago, the question of our jurisdiction, vel non, was raised, and both counsel agreed to submit to us briefs on the question of whether the amount in dispute was the $1,500 deposit, or the $15,000 contract.

After many months, no briefs on this question were filed, and, as the Supreme Court had in the meantime acted upon certain other cases involving questions which we think similar, we concluded to hold this matter no longer, but to transfer it to the Supreme Court as involving an amount in excess of our maximum jurisdictional limit.

Since we are authorized and, in fact, required to refuse on our own motion to take jurisdiction of a case which, by reason of the matter involved, is beyond our jurisdictional limit, it is of no importance that we transferred the appeal on our own motion, rather than on motion of one of the attorneys.

On reexamination of the record we are confirmed in our opinion originally announced. The contract of sale which is in the record is signed by both parties and we are not authorized to treat it as an absolute nullity. We think that there is involved in this case the validity of that contract as one of the necessary issues.

The rehearing requested by both parties is refused.