The purpose of this evidence was to support an alibi as to which some evidence was offered by Acosta on the trial of the case.

The trial judge declares, in his statement per curiam, that the evidence conclusively proved the guilt of the appellants beyond all reasonable doubt. He also states that the affidavits of the three alleged newly discovered witnesses did not impress him as being truthful, and he sets forth some of his reasons for reaching that conclusion.

■ Applications for new trials on the ground of newly discovered evidence must be received with great caution, since the inducements to false swearing are very great. And this court will not interfere where the trial judge has satisfied himself that false swearing has been resorted to in order to obtain a new trial. State v. Johnson, 170 La. 1050, 129 So. 633, and authorities therein cited.

We have read the affidavits attached to the motion and the statement of the trial judge attached to appellant's bill of exception, and we cannot say that the trial judge has abused the discretion vested in him with respect to applications for retrial. ·

For the reasons assigned, the convictions and sentences appealed from are affirmed.

(139 So. 304)

**BOISSEAU v. VALLON & JORDANO, Inc., et al.**

No. 31144.

Jan. 4, 1932.

St. Clair Adams and Racivitch & Hickerson, all of New Orleans, for appellant.

Bentley & Dumestre, of New Orleans, for Thomas L. Powell.

Habans & Coleman and A. I. Kleinfeldt, all of New Orleans, for appellee Boisseau.

ROGERS, J.

Plaintiff's suit is for the recovery of $600 deposited on a real estate contract and for the annulment of the contract, on the ground that it contains a potestative condition.

There was judgment in favor of plaintiff as prayed for, and defendant Vallon & Jordano, Inc., appealed.

Defendant's application was for a suspensive and devolutive appeal to the Court of Appeal for the Parish of Orleans, which was granted. On appellee's motion to dismiss the appeal, on the ground that the Court of Appeal was without jurisdiction ratione materiæ, the case was transferred to this court. Plaintiff has now filed a motion here to dismiss the appeal, alleging that the appeal was dismissed in the district court, because of the insufficiency of the sureties on the appeal bond.

The record discloses that the judge of the district court, in granting defendant's application for the appeal, ordered defendant to furnish bond according to law for the suspensive appeal and for the sum of $50 for the devolutive appeal. In accordance with the order, defendant executed a bond for $2,050 for the suspensive appeal and of $50 for the devolutive appeal. The sureties on the bond are Mr. and Mrs. Albert Vallon, the father and mother of Albert Vallon, Jr., the president of the defendant corporation.

Plaintiff filed a rule in the district court to test the sureties on the appeal bond. On the hearing of this rule, the judge of the district court rendered judgment, decreeing that the sureties in question were "not good sureties," and ordering, "that, therefore, the suspensive appeal taken * * * to the Court of Appeals be and the same is hereby dismissed." The sole question before us is the interpretation of this judgment.

Plaintiff contends that the judgment dismissed defendant's appeal in its entirety. On the other hand, defendant contends that the judgment dismissed its appeal so far as it operated suspensively, but not so far as it operated devolutively.

We think defendant's interpretation of the judgment under review is correct. The judgment, after decreeing that the sureties on the appeal bonds were "not good sureties," further decrees "that, therefore," meaning "for that reason" or "on that ground," defendant's suspensive appeal is dismissed. No reference whatever is made in the judgment to defendant's devolutive appeal. Hence, we must conclude that the judge of the district court was satisfied with the sufficiency of the sureties so far as defendant's devolutive appeal is concerned.

For the reasons assigned, the motion to dismiss the appeal herein is denied.