### BAUMANN v. MICHEL et al.

### GUY L. DEANO, Inc., v. MICHEL.

### No. 16770.

Court of Appeal of Louisiana. Orleans.

Nov. 15, 1937.

Maurice B. Gatlin, of New Orleans, for appellant Joseph B. Michel.

Daly & Hamlin, of New Orleans, for appellee Miss Victoria M. Baumann.

WESTERFIELD, Judge.

Victoria M. Baumann, alleging that Joseph B. Michel had agreed to sell her certain property described in her petition for the sum of $8,500 cash, sued Michel and Guy L. Deano, Inc., and prayed for judgment against Michel for specific performance of the agreement to sell and, in the alternative, for judgment against Michel and Guy L. Deano, Inc., jointly and in solido, for the sum of $929.75, the amount of the deposit of $850, which petitioner made with Guy L. Deano, Inc., a real estate agent acting for Michel, and $79.75, the amount of costs incurred by plaintiff in connection with the preparation of the act of sale, examination of title, notarial fees, etc. This suit was docketed

in the Civil District Court under the No. 219193. Subsequent to the filing of this suit Guy .L. Deano, Inc., brought suit against Joseph B. Michel, claiming $340, as a real estate agent's commission for having obtained a purchaser for Michel's property. This suit was docketed as No. 220138. The suits were consolidated below for the purpose of trial and resulted in judgment for plaintiffs as prayed for in each instance. Separate judgments were rendered in each case. A joint motion for appeal was filed, and an order for a suspensive appeal granted to this court, the motion and order for appeal being filed in the specific performance proceeding only. Both transcripts were lodged in this court in due time, but under one number and upon the payment of one filing fee, though two appeal bonds were given. While the cases were awaiting trial in this court, a motion was filed on behalf of Miss Victoria Baumann to transfer her case to the Supreme Court on the ground that the amount involved exceeded our jurisdictional limit. For some reason, perhaps because of the consolidation of the cases for trial below, the motion to transfer upon which oral argument was had was treated as applicable to both cases.

■ As we have said, there was but one motion and one order for appeal covering both cases, that of Miss Baumann v. Michel et al., where the demand was for the specific performance of a contract for the sale of real estate valued at $8,500, with alternative demand for a moneyed judgment, and that of Guy L. Deano, Inc., v. Michel for a moneyed judgment in the sum of $340. Since no point is made of the matter by opposing counsel and considering the fact that two appeal bonds were filed by the defendant, one in each case and both transcripts filed with the clerk of this court, we will treat the single motion and order as authorizing both appeals and the appeals as having been lodged in this court. However, only one filing fee has been paid and only one appeal docketed, the filing fee paid being $25, the amount appropriate to a case of the character of that filed by Miss Baumann. We will regard that case as being properly lodged and filed here. The case of Guy L. Deano, Inc., will be docketed if appellant pays the filing fee of $15 as he is required to do by the provisions of Act .No. 63 of 1908. There being no motion to transfer the latter cause and no apparent grounds for such. motion, that case, if properly filed and docketed, will await disposition by us in due course.

■ The motion to transfer is vigorously opposed by counsel for Michel, one of the defendants and appellants, who, in brief and in oral argument, insists that the only question before this court is the propriety of the money judgment in the sum of $929.75 granted in the alternative, and conditioned upon the failure of defendant to comply with the order for specific performance. His argument is to the effect that, since the failure of. Michel to comply with his agreement to sell the property was due to the fact that his wife, Mrs. Stella Pieri, without his knowledge and consent, recorded a homestead lien upon the property designating it as a family home in compliance with the provisions of Act No. 35 of 1921, Ex.Sess., and that it is impossible for him to deliver a good and merchantable title to the property, consequently, the judgment ordering specific performance is impossible of fulfillment. The judgment appealed from reads as follows:

"It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Mrs. Victoria M. Baumann, and against the defendant, Joseph B. Michel, condemning the said Joseph B. Michel to deliver, within thirty days, a good and merchantable title to the said property and to specifically perform this contract. If he cannot do so, then, in that event, there will be judgment against him and Guy L. Deano, Inc., in the alternative, jointly and in solido, in the full and true sum of Eight Hundred Fifty ($850.00) Dollars.

"It is further ordered, adjudged and decreed that there be judgment against Joseph B. Michel for the following costs and expenses due by plaintiff, Miss Victoria M. Baumann:

Daly & Hamlin.................... $42.50
Walter B. Hamlin................ 35.00

or a total of $77.50, together with legal interest from date of judicial demand until paid."

The learned judge a quo in his reasons for judgment refers to the fact that Mrs. Michel has recorded her claim against the property which constitutes "an encumbrance on the property (and) should be removed, · and the Defendant, Joseph B.

Michel, will be given thirty (30) days within which to deliver a good and merchantable title and to specifically perform this contract. If he cannot so do, then in that event there will be judgment against him and Guy L. Deano, Inc., in the alternative, jointly and in solido. * * *"

The jurisdiction of this court as established by article 7, section 10, of the Constitution of 1921, extends to all civil suits "where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed, shall exceed two thousand dollars exclusive of interest."

In Villemeur v. Woodward, 14 La.App. 597, 130 So. 366, we held that a suit for the return of a deposit of $1,000 made on account of the purchase price of real estate valued at $10,000 was beyond the limit of our jurisdiction because it involved a consideration of the alleged nullity of a contract of sale of real estate of the value of $10,000. The Supreme Court, however, in 171 La. 831, 132 So. 361, 362, reversed our finding and sent the case back to this court, stating that in their opinion we were in error in holding that the ground on which the return of the deposit was sought was the nullity of the alleged contract of sale. In discussing the general proposition of jurisdiction based upon the amount in controversy, the court said: "The amount demanded is determined from the petition. The amount in dispute is determined from the petition and answer. The same is true as to the thing, and the value of the thing, demanded, subject to the right of the court to examine into the value of the thing."

Subsequent to the decision in that case this court, in Boisseau v. Vallon & Jordano, Inc., et al., 15 La.App. 389, 132 So. 237, transferred an appeal to the Supreme Court, where the question involved was the return of a deposit of $600 made on account of the purchase of real estate for the agreed price of $12,000, where it was alleged that the agreement to purchase the property was null because it contained a potestative condition. In our opinion in that case we referred to the Villemeur

Case, giving our understanding of that opinion as having held that the reason for the return of the case to us was the finding that the validity of the contract of sale was not at issue.

The question before us in this case involves an interpretation of a contract for the sale of real estate for $8,500. The prayer of the petition is for judgment ordering the specific performance of the contract, and the judgment is responsive to that demand. The question of whether the defendant is able to comply with the judgment for specific performance is not presently involved. It is true that there is an alternative decree involving only the sum of $929.75 and it may be that the alternative decree is the only one that the defendant can comply with, but that is not a matter with which we are now concerned.

Since the amount in dispute exceeds our jurisdictional limit, the appeal in the matter of Miss Victoria M. Baumann v. Joseph Michel et al. should be transferred to the Supreme Court by authority of Act No. 19 of 1912.

For the reasons assigned, it is ordered, adjudged, and decreed that the appeal in the case of Miss Victoria M. Baumann v. Joseph B. Michel et al., No. 219193 of the docket of the civil district court, be, and it is, transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final, and, if not so made, then the appeal to be deemed dismissed; Joseph B. Michel to pay the costs of this court.

It is further ordered, adjudged, and decreed that the appeal in the case of Guy L. Deano, Inc., v. Joseph B. Michel, No. 220138 of the docket of the civil district court, be ordered filed and docketed in this court if the filing charges of $15 are paid to the clerk of this court within ten days of the finality of this decree, and, if not so docketed and filed, this appeal to be deemed dismissed.

Motion to transfer to Supreme Court granted.