## RICHARDSON v. CHARLES KIRSCH & CO. et al. *

### No. 16900.

Court of Appeal of Louisiana. Orleans.

March 21, 1938.

* Rehearing refused April 18, 1938.

632

William Donnaud, of New Orleans, for appellants.

Anna Judge Veters, of New Orleans, for appellee.

McCALEB, Judge.

Appellee moves to dismiss this appeal on the ground that the amount involved exceeds the jurisdictional limit of this court. The petition alleges that on November 14, 1936, petitioner entered into a written contract with Mrs. Goldie Carson Giuffria Murphy whereby she agreed to purchase from the latter a certain piece of real estate for the sum of $8,000 and that she deposited with Charles Kirsch & Co., real estate agents, United States Treasury bonds valued at $800 on account of the purchase price. She further alleges that the contract was not executed because Mrs. Murphy was unable to deliver a valid and merchantable title to the real estate. Judgment is prayed for against Mrs. Murphy and the real estate agents for a sum equal to double the amount of the deposit made by the plaintiff.

While the petition does not pray for the rescission or dissolution of the purchase and sale contract on the ground that the defendant, Mrs. Murphy, has breached her engagement by failing to deliver to plaintiff a valid and merchantable title, it is clear that, unless the contract is rescinded or dissolved as a result of the latter's alleged breach of it, the court is powerless to give a judgment in favor of the plaintiff for double the amount of the deposit made by the plaintiff under its terms and provisions.

■ We are therefore of the opinion that this case must be treated as a suit for the rescission or dissolution of a contract and not solely for the return of a deposit,

and in such case the amount in dispute is not the amount of the deposit but the value of the property which was the subject of the contract. See Hunley v. Ascani, 14 La.App. 95, 129 So. 164; Bussey v. Wise-Miller et al., 14 La.App. 104, 129 So. 166; Boisseau v. Vallon & Jordano, Inc., et al., 15 La.App. 389, 132 So. 237; Himel v. Fellman, 16 La.App. 347, 132 So. 532, 133 So. 451, and Baumann v. Michel et al., La. App., 176 So. 907.

Counsel for appellant, in resisting appellee's contention, depends upon the decision of the Supreme Court in Villemeur v. Woodward et al., 171 La. 831, 132 So. 361, wherein it was held that, where the nullity vel non of the contract is only incidentally involved, the demand of the petition will determine the jurisdiction of the court. That case, however, can be readily distinguished from the instant one. There, the suit was brought against the vendor and the real estate agent for return of the deposit made by the plaintiff to the agent on the ground that there was no contract because the vendor had not accepted the plaintiff's offer. Hence, there was no occasion for the court to decide the rights and liabilities of the parties to the agreement, where the pleadings negatived the fact of its existence. Here, however, according to the averments of the petition and answer, the contract was admittedly made and the demand for the return of double the amount of the deposit is only incidental to the primary question to be adjudicated, i. e., whether the plaintiff or the defendant was guilty of a breach of the engagement.

■ In view of the provisions of Act No. 19 of 1912, it is ordered, adjudged, and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final and, if not so made, then the appeal to be deemed dismissed; defendants and appellants to pay the costs of appeal in this court, the remaining costs to await final determination of the matter.

Appeal transferred to the Supreme Court.