187 So. 1

RICHARDSON v. CHARLES KIRSCH &
CO. et al.

No. 35069.

Feb. 6, 1939.

On Motion to Correct Decree Feb. 13, 1939.
Rehearing Denied March 6, 1939.

William Donnaud, of New Orleans, for appellants.

Anna Judge Veters, of New Orleans, for appellee.

O'NIELL, Chief Justice.

Mrs. V. K. Richardson is suing to recover four United States Treasury bonds which she deposited with a firm of real estate agents, Charles Kirsch & Company, in lieu of a cash deposit of $800, to guarantee that she would carry out a contract to buy from Mrs. Goldie C. G. Murphy a house and lot at the price of $8,000. Charles Kirsch & Company and Mrs. Murphy are the defendants in the suit. The face value of the bonds is $800 and the market value about $836. The plaintiff asked also for a judgment against the defendants in solido

for the additional sum of $800, and for $86 for expenses alleged to have been incurred in connection with the transaction. She asked also for a fee for her attorney, to be fixed by the judge. The sum of $800 is claimed as earnest money and by virtue of a stipulation in the contract between the parties. The plaintiff alleged that Mrs. Murphy breached the contract, and sold the property to a third party, thus making it impossible for the contract to be carried out. Mrs. Murphy, in answer to the suit, alleged that Mrs. Richardson was the one who breached the contract. Charles Kirsch & Company, answering the suit, claimed a lien on the bonds to secure a commission of 4 per cent, or $320. After trial of the case on its merits the court gave judgment for the plaintiff ordering the defendants to return the bonds to her, and gave judgment against Mrs. Murphy for the additional sum of $800, and for $200 for the plaintiff's attorney's fee, and for $58.50 for expenses incurred by her. The defendants appealed to the Court of Appeal for the Parish of Orleans. In that court Mrs. Richardson moved to dismiss the appeal for want of jurisdiction, on the ground that the price, $8,000, stipulated in the contract which was alleged to have been violated, was to be considered as "the amount in dispute", in determining whether the Court of Appeal or the Supreme Court had appellate jurisdiction over the case. The Court of Appeal sustained Mrs. Richardson's contention, and, under authority of Act No. 19 of 1912, transferred the case to this court. The defendants filed a petition in this court for a writ of review,

but the petition was denied on the ground that the proper method of procedure was for the defendants, appellants, to file a motion to have the case transferred back to the Court of Appeal. The attorney for the appellants did not file such a motion, but in his argument on the merits of the case he contended that the case was within the appellate jurisdiction of the Court of Appeal. Whenever it appears that the court has not jurisdiction over a case which is before it, the court itself must act upon the question of jurisdiction, without the necessity of a plea on the part of any party to the suit.

According to section 10 of article 7 of the Constitution the appellate jurisdiction of this court in civil suits is limited to cases "where the amount in dispute * * shall exceed two thousand dollars exclusive of interest." There are some exceptional cases, of course, but this case is not one of them. The maximum amount in dispute in this case,—giving the bonds their market value,—and adding up all that was claimed by the plaintiff,—was $1,894. The price for which Mrs. Richardson agreed to buy and for which Mrs. Murphy agreed to sell the property,—which was $8,000,— was never in dispute, or in contest, in this suit. All of the parties to the suit acknowledged in their pleadings that the contract for the sale of the property was at an end before the suit was filed. The only question in dispute was whether it was through the fault of Mrs. Murphy or through the fault of Mrs. Richardson that the contract was not carried out. There was no demand for

specific enforcement of the contract, by either Mrs. Richardson or Mrs. Murphy, in this suit. The pertinent facts of the case, therefore, as far as the question of jurisdiction is concerned, are very much like they were in the case of Villemeur v. Woodward, 171 La. 831, 132 So. 361, 362, which was transferred back to the Court of Appeal, 16 La.App. 535, 134 So. 111. In that case the plaintiff sued for the return of $1,000 deposited with the real estate agent to guarantee that the plaintiff would carry out a written contract to buy from Woodward (the other defendant in the case) certain real estate at the price of $10,000. In disposing of the question of jurisdiction, this court said:

"It is true that both defendants, in their answers, set forth that Woodward did accept the offer to purchase, and even tendered to plaintiff a deed to the property, which he, without sufficient reason, refused. However, this averment is a defense to the action. It is tendered as a reason why plaintiff should not be permitted to recover the deposit. It does not add anything to the amount or value of the thing demanded by plaintiff. Even if the Court of Appeal [14 La.App. 597, 130 So. 366] should be called upon, in deciding the sufficiency of the defense, to pass upon the validity of a contract, the annulment of which, had it been demanded in the petition, would have been beyond its jurisdiction, nevertheless the validity of the contract, in determining the sufficiency of the defense, would be considered as arising only incidentally in the case, and the court would

not thereby be deprived of jurisdiction. A question arising only incidentally in a case, whatever may be the value of the thing involved, in the question thus arising, does not deprive the court before which it arises of jurisdiction. Heard v. Monroe Sand & Gravel Co., 165 La. 925, 116 So. 386."

In Heard v. Monroe Sand & Gravel Company, the court stated the rule thus:

"It might be argued, however, that, as plaintiff sues on two installments, which he contends are due under a contract, and that, as defendant denies that the contract is binding upon it, and attacks its validity, the validity of the entire contract is at issue, and since that contract may be said to be worth over $2,000, this court has jurisdiction. However, the reply to this is that, in so far as concerns plaintiff's demand, the validity of the contract arises only incidentally in the case. Its invalidity is urged by defendant, so far as relates to plaintiff's demand, only for the purpose of defeating that demand, which, as we have said, is only for slightly over $500. There is nothing in plaintiff's petition asking for a decree declaring the entire contract valid. In these circumstances, the value of the contract is not a factor in determining our jurisdiction. The appeal should have been taken to the Court of Appeal [9 La.App. 568, 121 So. 642]." [165 La. 930, 116 So. 387.]

The cases cited by the Court of Appeal in support of its ruling in the present case seem to be distinguishable in that the validity of the contract for the sale of the

property was the matter in dispute in those cases. We refer to Hunley v. Ascani, 14 La.App. 95, 129 So. 164; Bussey v. Wise-Miller, 14 La.App. 104, 129 So. 166; Boisseau v. Vallon & Jordano, 15 La.App. 389, 132 So. 237; Himel v. Fellman, 16 La.App. 347, 132 So. 532, 133 So. 451, and Baumann v. Michel, La.App., 176 So. 907. Hunley v. Ascani, which is reported in 174 La. 712, and 141 So. 385, and Bussey v. Wise-Miller, which is reported in 172 La. 198, and 133 So. 443, were suits to rescind the contract for the sale of the property. Boisseau v. Vallon & Jordano, which is reported in 173 La. 972, and 139 So. 304, was a suit to declare the contract null on the ground that it contained a potestative condition. Himel v. Fellman was not brought to this court. Baumann v. Michel, which is reported in 190 La. 1, 181 So. 549, was, primarily, a suit for specific enforcement of the contract for the sale of the property. In none of these cases did this court discuss the question of jurisdiction.

■ What is meant by the term "the amount in dispute", in the article of the Constitution declaring that the appellate jurisdiction in any given case is determined by "the amount in dispute", is the value of what the plaintiff claims, and of what the defendant disputes the plaintiff's claim for. The value of what is involved in a collateral question which the court may have to determine in order to decide the case in hand does not govern the question of jurisdiction. Loeb & Blum v. Arent, 33 La. Ann. 1085; Courtney v. Rigmaiden, 112 La. 804, 36 So. 704; Weinfurter v. Cresap, 155 La. 682, 99 So. 528.

This case is ordered transferred back to the Court of Appeal, the transfer to be made within 30 days after this decree becomes final, otherwise the appeal is to be dismissed; the costs incurred in transferring the case from the Court of Appeal to this court and from this court back to the Court of Appeal are to be borne by the appellee; all other costs are to abide the final disposition of the case.

### On Motion to Correct the Decree.

PER CURIAM.

■ Mrs. V. K. Richardson, the plaintiff and appellee in this case, has filed a motion to have the decree rendered in this case on February 6, 1939, corrected in so far as the court has imposed upon her the costs incurred in transferring the case from the Court of Appeal to this court, and from this court back to the Court of Appeal. Mrs. Richardson points out that, inasmuch as the Court of Appeal was of the opinion that the case was within the jurisdiction of the Supreme Court, and not within the jurisdiction of the Court of Appeal, the Court of Appeal would have transferred the case to this court on its own motion, and without regard for any motion or suggestion on the part of the appellee. She points out also that the appellant will be the sufferer if the case is not transferred back to the Court of Appeal within the thirty days stipulated in the decree of this court, and hence that she is

not concerned with making the transfer back to the Court of Appeal within the time stipulated. For these reasons, we have concluded that Mrs. Richardson is entitled to have the decree amended so that the question of liability for the costs incurred in transferring the case from the Court of Appeal to this court, and from this court back to the Court of Appeal, should, like all other costs incurred in the case, await the final disposition of the case. The statute which authorizes an appellate court to transfer a case to another appellate court, instead of dismissing the appeal, when the appeal is taken to the wrong court, is Act No. 56 of 1904, as amended by Act No. 19 of 1912. The second section of the act declares that the judges of either court shall regulate the costs incurred by the appellant and the proceedings to be had in such cases. The second section of Act No. 229 of 1910 authorizes any appellate court to tax the costs of either the lower court or the appellate court, or any part of such costs, against any party to the suit, as in its judgment the court may deem equitable. Under this authority it is not necessary to grant a rehearing in this case in order to correct the decree with regard to the court costs.

It is ordered that the decree rendered by this court on February 6, 1939, shall be, and it is now, corrected and amended so that the question of liability for the costs incurred in transferring this case from the Court of Appeal to this court, and from this court back to the Court of Appeal, is to abide the final disposition of the case.