Appellee moves to dismiss this appeal on the ground that the amount in controversy exceeds $2000 and, therefore, is within the appellate jurisdiction of the Supreme Court under Section 10 of Article VII of the Constitution of 1921.
The record reveals that appellee brought suit against appellant in the Civil District Court for the recission of a contract of sale of real property and for the recovery of $420 deposited with appellant, as agent, for the faithful performance of the contract. He alleged in his petition that, on February 2, 1944, he and his wife signed a written offer to purchase the real property designated as Nos. 4112-4114 Eagle Street in the city of New Orleans for the price of $4200; that said offer was accepted in writing by appellant on February 3, 1944; that, although appellant designated himself *Page 61 
as agent in the agreement of sale, he was actually acting for and in his own behalf as owner of the property; that, under the terms of the sale agreement, appellee obligated himself to deposit 10% of the purchase price with appellant and that, on February 4th 1944, he made said deposit amounting to the sum of $420. He further alleged that, after the execution of the agreement of sale, he proceeded to have the title to the property examined and a survey made; that, according to the survey, the improvements on the land encroach upon other property adjoining it in the rear; that, for this reason and for the further reason that the title to the property is suggestive of litigation, he is entitled to have the agreement of sale rescinded and to the return of his deposit together with recovery for certain expenses incurred by him amounting to $20.50. He prays accordingly.
The defense to the suit is that the title to the property is good and merchantable and appellee also reconvened for a specific performance of the contract.
After a trial, there was judgment for appellee, as prayed for, and appellant appealed to this court.
[1, 2] Since the main demand of the appellee is for the recission and annulment of a contract to purchase real estate for $4200, it is apparent to us that the Supreme Court has appellate jurisdiction of the controversy. It has been repeatedly held by this court, in a long line of decisions, that, where a contract for the sale of property involving more than $2000 is sought to be rescinded, we are without jurisdiction, even though the amount of the monied demand is for the recovery of a sum within our appellate jurisdiction. See Bussey v. Barilleaux, 14 La. App. 82, 129 So. 167; Hunley v. Ascani, 14 La. App. 95, 129 So. 164; Bussey v. Wise-Miller, 14 La. App. 104, 129 So. 166; Boisseau v. Vallon Jordano, 15 La. App. 389, 132 So. 237; Himel v. Fellman, 16 La. App. 347, 132 So. 532, 133 So. 451; Roe v. Maniscalco, 15 La. App. 281, 131 So. 607; and Baumann v. Michel, La. App., 176 So. 907.
[3] Counsel for appellant, however, proclaims that all of the foregoing authorities have been impliedly, if not expressly, overruled by the Supreme Court in the comparatively recent decision of Richardson v. Charles Kirsch Co., 191 La. 991,187 So. 1, where that court re-transferred an appeal to us, holding that we had erroneously transferred the matter to it in our opinion in 179 So. 631.
In the Richardson case, plaintiff brought suit to recover certain U.S. Treasury bonds which she had deposited with a firm of real estate agents, in lieu of a cash deposit of $800, to guarantee that she would carry out a contract to buy from a Mrs. Murphy a house and lot for the price of $8000. Mrs. Murphy was joined with the real estate firm as a defendant to the suit. In defense to the action, she claimed that she was entitled to the deposit because the contract to purchase the house and lot had been breached through the fault of plaintiff. The real estate firm claimed a lien on the deposit to secure its commission of $320. After a trial of the case on the merits, the district court gave judgment for the plaintiff ordering defendants to return the deposit to her and further granted judgment against Mrs. Murphy for an additional sum of $800 (double the deposit) plus attorneys' fees and expenses. The defendants prosecuted an appeal to this court, where the matter was later transferred to the Supreme Court on the ground that we were without jurisdiction because the full purchase price of the contract of sale was the amount in dispute. See La. App., 179 So. 631. When the case reached the Supreme Court, that court found that we were wrong in holding that we were without jurisdiction as the amount in dispute did not exceed double the amount of the deposit, which plaintiff had placed with the real estate agents. In thus concluding, the Supreme Court said [191 La. 991, 187 So. 2]: "The price for which Mrs. Richardson agreed to buy and for which Mrs. Murphy agreed to sell the property, — which was $8,000, — was never in dispute, or in contest, in this suit. All of the parties to the suit acknowledged in their pleadings that the contract for the sale of the property was at an end before the suit was filed. The only question in dispute was whether it was through the fault of Mrs. Murphy or through the fault of Mrs. Richardson that the contract was not carried out. There was no demand for specific enforcement of the contract, by either Mrs. Richardson or Mrs. Murphy, in this suit."
The court then went on to state that the facts of the case, so far as the question of jurisdiction was concerned, were very similar to those presented in the case of Villemeur v. Woodward, 171 La. 831, *Page 62 132 So. 361, and quoted at length from that opinion.
In the Villemeur case, the plaintiff, who had offered to purchase certain real estate from Woodward for $10,000, through a firm of real estate agents, and had deposited with said agents $1000 as a guarantee of compliance with the offer, brought suit against Woodward and the agents for the return of the deposit on the ground that the offer had never been accepted in writing by Woodward. Both defendants resisted plaintiff's demand on the ground that Woodward did accept the offer to purchase and that he even tendered to plaintiff a deed to the property which the latter, without sufficient reason, refused. From a judgment sustaining plaintiff's demand, an appeal was taken by defendants to this court. We transferred the case to the Supreme Court on the theory that the amount in contest was $10,000, the purchase price of the property. See 14 La. App. 597, 130 So. 366. However, the Supreme Court declined jurisdiction (see 171 La. 831, 132 So. 361, 362) on the ground that the amount in dispute did not exceed $2000, even though the defendants, by their answers, maintained that plaintiff should not be permitted to recover the deposit because the contract was breached through plaintiff's fault. The court, in speaking of the answers of the defendants, said: "It does not add anything to the amount or value of the thing demanded by plaintiff. Even if the Court of Appeal should be called upon, in deciding the sufficiency of the defense, to pass upon the validity of a contract, the annulment of which, had it been demanded in the petition, would have been beyond its jurisdiction, nevertheless the validity of the contract, in determining the sufficiency of the defense, would be considered as arising only incidentally in the case, and the court would not thereby be deprived of jurisdiction. A question arising only incidentally in a case, whatever may be the value of the thing involved in the question thus arising, does not deprive the court before which it arises of jurisdiction. Heard v. Monroe Sand Gravel Co., 165 La. 925, 116 So. 386."
Thus we discern, from the reasoning of the Supreme Court in the Richardson and Villemeur cases, that the test to be used in determining appellate jurisdiction under the Constitution is whether the thing demanded, or the recovery sought, by plaintiff involves an amount in excess of $2000. If it does not, then the Court of Appeal has jurisdiction, despite the fact that, as a necessary incident to the determination of the case, the court is required to pass upon the rights and liabilities of the parties under a contract involving an amount in excess of its appellate jurisdiction.
In the instant case, however, we think that it is manifest that we are without jurisdiction as the reverse of the situation in the Richardson and Villemeur cases is presented. The principal relief sought by appellee here is for the recission of a contract to purchase real estate for the sum of $4200 and his claim for restoration of his deposit (an amount within our appellate jurisdiction) is merely an incident to the suit.
Counsel for appellant infers in his brief that the Richardson case overrules, at least impliedly, the prior jurisprudence established by this court in Hunley v. Ascani, supra, and other cases above cited. We do not so view the decision in that case. On the contrary, the opinion states that "the cases cited by the Court of Appeal in support of its ruling in the present case seem to be distinguishable in that the validity of the contract for the sale of the property was the matter in dispute in those cases." Thereafter, the court cites Hunley v. Ascani, and the other cases which we have cited above, and proceeds to distinguish them from the situation there presented.
Since we are of the opinion that the amount in controversy in this matter is beyond our appellate jurisdiction, the motion to dismiss will be sustained and the matter transferred to the Supreme Court in accordance with the provisions of Act No. 19 of 1912.
For the reasons assigned, it is ordered, adjudged and decreed that this appeal be and it is transferred to the Supreme Court of Louisiana to be disposed of according to law; the transfer to be made within 60 days after this judgment becomes final and, if not so made, then the appeal is to be deemed dismissed; defendant and appellant to pay the costs of appeal in this court, the remaining costs to await the final determination of the matter.
Appeal transferred to the Supreme Court. *Page 63