JANVIER, Judge.
This is a suit for specific performance of a written contract for the sale of a piece of improved real estate in the City of New Orleans. The purchase price stipulated in the contract is $2,700.
The plaintiff alleges that, under the contract, defehdants agreed to sell to him, for $2,700, an undivided one-half interest in the property, and that, in spite of the fact that he desired and attempted to complete the transaction and duly placed the defendants in default, they have refused to transfer the property to him. He prays that the defendants be ordered “to specifically perform their obligations * * and to execute a formal act of sale to your petitioner, of the undivided one-half interest of the above described property * * Plaintiff also prays, in the alternative, that it should be found that the defendants are unable or unwilling to transfer the property, that he have judgment against them in the sum of $2,550.
Defendants admit the execution of a “document”, but deny “that same was intended to be an agreement of sale * They aver that the plaintiff was about to be evicted from the premises occupied by him and his family, and that in order to obtain possession of the half of the premises into which plaintiff desired to move, they executed the document in question so that he might claim to be the owner of the premises and thus evict those who were then the tenants therein, but that it was never intended that the said document would be looked upon as a .contract for the sale of the property, and they further aver that, as a result of laches, the plaintiff has lost any right, if he ever had any such right, under the said document.
From a judgment in favor of defendants, plaintiff has appealed to this Court.
When the matter was being argued before us, we called to the attention of counsel the fact that the value of the property as fixed in the contract is $2,700, and that accordingly the suit is for the specific performance of a contract to sell real estate valued at more than $2,000, and we expressed doubt as to whether we had jurisdiction ratione materiae.
Counsel stated that the appeal had been taken to this Court because they interpreted the decision of the Supreme Court in First National Life Insurance Co. v. City of New Orleans, 218 La. 9, 48 So.2d 145, as establishing the rule, that in such situations there is no amount in dispute and no fund to be distributed, and that therefore an appeal in such case must go to the proper Court of Appeal and not the Supreme Court.
We believe that counsel have misinterpreted the opinion of the Supreme Court. It is true that the sale price of the property which was involved in that case was $275,000. It is true too that, under the judgment appealed from, the purchaser was ordered to “take title to the * * * property” with the necessary result that it must pay the said purchase price. It is also true that our decree, 48 So.2d 702, also required that title be taken and necessarily that the purchase price be paid. But that was a suit in which a declaratory judgment was sought under LSA-R.S. 13:4231 through LSA-R.S. 13:4246, the Uniform. Declaratory Judgments Act. It was brought jointly by the proposed vendors and the proposed purchaser in order that they might obtain the Supreme Court’s decision as to whether the City of New Orleans, in the situation which was presented, could sell such property at private sale. It was not a suit brought by one party to a contract against another to compel the other to comply with the contract.
There can be no doubt that, in a suit for specific performance brought by one party to the contract against the other, if the sale price of the property exceeds *741 $2,000, when an appeal is taken jurisdiction vests in the Supreme Court and not in the Court of Appeal. In Baumann v. Michel, La.App., 176 So. 907, we so held.
Accordingly, the appeal is transferred to the Supreme Court of Louisiana pursuant to law, LSA-R.S. 13:4441, which transfer is to be effected within sixty days, and if such transfer should not be made within that time, then and in that event the appeal is to stand as though it had been dismissed. Costs of the appeal of this Court are to be paid by appellant, all other costs to await final determination of the case.
Appeal transferred to Supreme Court.