AYRES, Judge.
Plaintiffs are the five surviving children and sole and only heirs of Ed Jenkins, who died intestate on or about August 22, 1952. Ed Jenkins acquired during his lifetime and during his marriage to plaintiffs’ mother, who is also deceased, a certain tract of land consisting of 170 acres, more or less, together with the improvements thereon, located in Union Parish, *451 Louisiana. After their mother’s death, plaintiffs herein, except Sim Jenkins, together with their brother, Ralph Jenkins, executed a deed in July, 1922, covering all of their undivided interest in and to said property to their father. The expressed consideration was $100 cash and other valuable considerations amounting to $500, as shown by deed recorded in Book 52, Page 613 of the Conveyance Records of said Parish. It was alleged this deed was executed for the purpose of enabling their father to negotiate a loan with the Federal Land Bank of New Orleans with this property as security, which loan was obtained and mortgage executed June 21, 1934. They contend also that no actual consideration was paid by their father to them.
Ed Jenkins, February 26, 1946, after his second marriage, executed and signed a deed conveying to the five plaintiffs herein and their brother, Ralph Jenkins, the whole of said tract, reserving unto himself the usufruct of said property, with the right to live thereon and to receive all the revenues and benefits therefrom during his lifetime. The consideration therefor was expressed as the full and complete assumption by the purchasers of the balance due on the aforesaid Federal Land Bank mortgage. This deed was not signed by either of the vendees.
Ralph Jenkins, after a divorce from his first wife, married Sarah Collins April 3, 1944. Ralph Jenkins died intestate and without descendants July 1, 1946. Sarah Collins Jenkins as surviving widow in community of Ralph Jenkins, deceased, September 27, 1949, sold to A. C. Dykes all her undivided right, title and interest in and to the whole of this tract of land. Subsequently, July 21, 1949, Ed Jenkins executed a correction of the deed to his children, particularly with reference to the reservation of the usufruct, limiting same to the use of the dwelling as a residence, with sufficient ground for a yard and garden, waiving and relinquishing all other rights as usufructuary.
Plaintiffs have attacked. as null and void and of no effect the deed, herein-above referred to, to their. father and his later reconveyance to them, as well as the deed from Sarah Collins Jenkins to A. C. Dykes. The latter two and Earliest Sims Jenkins, the first wife of Ralph Jenkins, were made defendants. Also made defendant was the Sheriff and ex-officio Inheritance Tax Collector for Union Parish.
Plaintiffs prayed for citation and service upon the defendants and that they “be recognized as the sole and only surviving heirs of Ed Jenkins deceased; that they be recognized as joint owners of the hereinabove described property and put in possession thereof in equal proportions and that the same be declared free from the payment of any inheritance tax; that the purported sale from the heirs of Roxana Jenkins to Ed Jenkins, recorded in Conveyance Book 52 at Page 613 and transferred from Ed Jenkins to the heirs of Roxana Jenkins, as recorded in Book 123 at Page 242 and the purported correction thereof as recorded in Book 153 at Page 58 of the Conveyance Records of Union Parish, Louisiana, be declared null and void and of no effect and that the purported sale and transfer from Sarah Collins Jenkins to A. C. Dykes as recorded in Book 154 at Page 236 of the Conveyance Records of Union Parish, Louisiana, be declared null and void and of no effect; and, in the alternative, and in case the court should hold that either of the wives of Ralph Jenkins or their assigns have an interest in and to said property, that the court fix said interest and that your petitioners, together with such owner, be recognized and put in possession according to their respective interests in and to said property and said property declared free from the payment of any inheritance tax”, and for general and equitable relief.
After filing a plea of five years’ prescription relative to the rescission and nullity of the deeds and contracts at *452 tacked, defendant A. C. Dykes answered, alleging his ownership of 1/Stli interest in and to said property by virtue of his deed from the said Sarah Collins Jenkins. The other defendants made no appearance.
Plaintiffs’ attack upon the deeds herein referred to as null and void was rejected by the trial court and the validity of defendant Dykes’ title was sustained and, accordingly, judgment was rendered decreeing plaintiffs and Dykes the owners in indivisión of said property in these proportions:
A. C. Dykes . 165/1440
Sim Jenkins . 361/1440
Beulah Jenkins Williams. 231/1440
Beatrice Jenkins Armstrong .... 231/1440
Durvie Jenkins Fields. 231/1440
Augustus Jenkins. 231/1440
From the judgment rendered, plaintiffs moved for and were granted a devolu-tive appeal to this court.
In view of the question of jurisdiction of this court, we have gone into considerable detail as to the facts, issues and property involved. The outcome of plaintiffs’ attack upon Dykes title depends upon the validity and legality of the deeds from plaintiffs to their father and from their father to them. It is through these deeds that Sarah Collins Jenkins claimed a community interest in the portion purportedly acquired therein by her husband, Ralph Jenkins. Should those deeds be null and void, Ralph Jenkins, as head and master of the community of acquets and gains existing between him and Sarah Collins Jenkins would not have acquired any interest in said property, but the interest otherwise acquired by him would have been by inheritance from his deceased mother, which would thereby have constituted his separate and paraphernal property in which his surviving widow would have had no interest. Therefore, there is involved herein the validity of the aforesaid contracts or deeds between the parties to the extent of ll/12ths interest in and to the 170 acres of land. (Sim Jenkins, as noted hereinabove, did not participate in the conveyance of his l/12th interest to his father in the deed executed to him by the other children.)
In Himel v. Fellman, 16 La.App. 347, 132 So. 532, 533, plaintiffs sought the return of a deposit of $1,500 made with defendant, a real estate agent, in connection with an offer made by plaintiff through the agent to purchase certain real estate for the sum of $15,000. The offer and agreement to purchase was treated as an absolute nullity. Judge Janvier of the Orleans Court of Appeal stated:
“If the nullity of the contract is necessarily involved, then the amount of the contract, and not the amount of the deposit, determines jurisdiction. Henry J. Boisseau v. Vallon & Jordano, Inc., et al., [15 La.App.389] 132 So. 237, decided by this court, Jan. 19, 1931; Flunley et ux. v. Ascani et al., 14 La.App. 95, 129 So. 164; Bussey v. Wise-Miller et al., 14 La.App. 104, 129 So. 166; Bussey v. Barilleaux et al., 14 La.App. 82, 129 So. 167.”
On the occasion of a refusal of a rehearing, the court further stated:
“On re-examination of the record, we are confirmed in our opinion originally announced. The contract of sale which is in the record is signed by both parties, and we are not authorized to treat it as an absolute nullity. We think that there is involved in this case the validity of that contract as one of the necessary issues.” 16 La.App. 347, 133 So. 451, 452.
In Bussey v. Wise-Miller, 14 La.App. 104, 129 So. 166, which was an action for the rescission or dissolution of a written contract for the sale of a parcel of real estate and the return of a deposit made by the plaintiff on account of the purchase price thereof, where the purchase price was $5,500 and the deposit *453 was $550, Justice Higgins of the Orleans Court of Appeals, later associate justice of the Supreme Court, said:
“While the petition does not pray for the rescission or dissolution of the contract, because the defendant, Miss Barilleaux, is alleged to have breached her agreement by failing to acquire title to the property in order to be able to deliver a valid title to the plaintiff, it is clear that, unless the contract is rescinded or dissolved as a result of defendant’s alleged breach of it, the court is powerless to give a judgment in favor of the plaintiff, for the amount of the deposit made by the plaintiff under the terms and provisions of the contract.
“We therefore are of the opinion that this case must be treated as a suit for the rescission or dissolution of a contract and not solely for the return of a deposit, and in such case the amount in dispute is not the amount of the deposit, but the value of the property which was the subject of the contract.”
The value of the property involved has not been sufficiently established by the evidence introduced to confer jurisdiction on this court. It is vague and indefinite and insufficient to establish jurisdiction of the appeal here. In the interest of a proper and orderly disposition of the appeal, we think it is in order to remand the cause to the district court for the reception of competent evidence as to the value of the property, which is the subject matter of this litigation.
Accordingly, it is ordered, adjudged and decreed that this suit be and it is hereby remanded to The Honorable The Third Judicial District Court in and for the Parish of Union, State of Louisiana, for the reception of competent evidence as to the value of the property in dispute, as of the time of trial. It is further ordered that upon the determination of this fact, the appeal, if any, be ordered to the court of appropriate appellate jurisdiction.
Costs of this appeal are taxed against the appellants and all other costs are to await final disposition of the case.